UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO, by its
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI
and NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,     **COMPLAINT**
as Beneficiaries of the ANNUITY, PENSION, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY              08-CIV-
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO,

                                        Plaintiffs,

        -against-                                        **08 CIV. 5346**

COLUMBUS CONSTRUCTION CORPORATION, NIKAN
CONSTRUCTION INC., CORE CONTRACTING OF NEW
YORK, LLC, CANAL ASPHALT, INC. and UNITED STATES         **JUDGE KARAS**
FIRE INSURANCE COMPANY,

                                        Defendants.
------------------------------------------------------------------X



Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their

Complaint, respectfully allege:

    1.   This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed

to employee fringe benefit trust funds and to audit the books and records of Defendants

COLUMBUS CONSTRUCTION CORPORATION, NIKAN CONSTRUCTION INC., CORE

CONTRACTING OF NEW YORK, LLC and CANAL ASPHALT, INC., and against Defendant

UNITED STATES FIRE INSURANCE COMPANY to recover against the Benefit Contribution

Guarantee Payment Bond.

## JURISDICTION

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and the principles of supplemental jurisdiction.

3. Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO are administered in the County of Westchester, State of New York at 1360 Pleasantville Road, Briarcliff Manor, New York 10510.

## THE PARTIES

4. The LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 137 TRUST FUNDS") are jointly administered trustee funds established by various trust indentures pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186. The Trustees of the LOCAL 137 TRUST FUNDS maintain the subject plans at offices located at 1360 Pleasantville Road, Briarcliff Manor, New York.

5. EDWARD KELLY, JEFFREY LOUGHLIN, PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI and NICHOLAS SIGNORELLI, JR. are Trustees of the LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 137 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

7. The LOCAL 137 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29, U.S.C. §1002(1), established for the purpose of providing medical and other benefits to the employees of contributing employers.

8. JOHN and JANE DOE are beneficiaries of the LOCAL 137 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

9. The LOCAL 137 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37).

10. Upon information and belief, Defendant COLUMBUS CONSTRUCTION CORPORATION ("COLUMBUS CONSTRUCTION") was and still is a New York corporation, with its principal place of business located at 687 South Columbus Avenue, Mt. Vernon, New York 10550.

11. Upon information and belief, Defendant COLUMBUS CONSTRUCTION was and still is a foreign corporation duly licensed to do business in the State of New York.

12. Upon information and belief, Defendant COLUMBUS CONSTRUCTION was and still is a foreign corporation doing business in the State of New York.

13. Upon information and belief, Defendant COLUMBUS CONSTRUCTION is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

14. Upon information and belief, Defendant NIKAN CONSTRUCTION INC. ("NIKAN") was and still is a New York corporation, with its principal place of business located at 687 South Columbus Avenue, Mt. Vernon, New York 10550.

15. Upon information and belief, Defendant NIKAN was and still is a foreign corporation duly licensed to do business in the State of New York.

16. Upon information and belief, Defendant NIKAN was and still is a foreign corporation doing business in the State of New York.

17. Upon information and belief, Defendant NIKAN is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

18. Upon information and belief, Defendant CORE CONTRACTING OF NEW YORK, LLC ("CORE") was and still is a New York corporation, with its principal place of business located at 687 South Columbus Avenue, Mt. Vernon, New York 10550.

19. Upon information and belief, Defendant CORE was and still is a foreign corporation duly licensed to do business in the State of New York.

20. Upon information and belief, Defendant CORE was and still is a foreign corporation doing business in the State of New York.

21. Upon information and belief, Defendant CORE is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

22. Upon information and belief, Defendant CANAL ASPHALT, INC. ("CANAL") was and still is a New York corporation, with its principal place of business located at 687 South Columbus Avenue, Mt. Vernon, New York 10550.

23. Upon information and belief, Defendant CANAL was and still is a foreign corporation duly licensed to do business in the State of New York.

24. Upon information and belief, Defendant CANAL was and still is a foreign corporation doing business in the State of New York.

25. Upon information and belief, Defendant CANAL is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

26. Upon information and belief, Defendant UNITED STATES FIRE INSURANCE COMPANY ("USFIC") was and still is a corporation organized and existing under the laws of

the State of New Jersey with its principal office and place of business located at 305 Madison Avenue, Morristown, New Jersey 07960.

27.     Upon information and belief, Defendant USFIC was and still is a foreign corporation duly licensed to do business in the State of New York.

28.     Upon information and belief, Defendant USFIC was and still is a foreign corporation doing business in the State of New York.

29.     INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO ("LOCAL 137") is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 1360 Pleasantville Road, Briarcliff Manor, New York.

## AS AND FOR A FIRST CAUSE OF ACTION

30.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 29 inclusive, with the same force and effect as though more fully set forth at length herein.

31.     At all relevant times, COLUMBUS CONSTRUCTION agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 137 known as the "Engineering Heavy and Highway Agreement" dated May 31, 2005 (hereinafter referred to as the "Collective Bargaining Agreement").

32.     Upon information and belief, COLUMBUS CONSTRUCTION has failed to make the contractually required fringe benefit contributions to the LOCAL 137 TRUST FUNDS for the month of May 2006 in the amount of $3,312.48 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

33. Despite repeated efforts by the LOCAL 137 TRUST FUNDS to collect the contributions owed, COLUMBUS CONSTRUCTION remains delinquent in making the proper contributions and has failed to pay any of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS as detailed above.

34. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Funds' Plan Documents, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

35. Accordingly, as a direct and proximate result of COLUMBUS CONSTRUCTION'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant COLUMBUS CONSTRUCTION is liable to the Plaintiffs in the amount of $3,312.48 along with potentially additional contributions, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**AS AND FOR A SECOND CAUSE OF ACTION**

36. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 35 inclusive, with the same force and effect as though more fully set forth at length herein.

37. At all relevant times, NIKAN agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 137 known as the "Engineering Heavy and

Highway Agreement" dated April 17, 2006 (hereinafter referred to as the "Collective Bargaining Agreement").

38. Upon information and belief, NIKAN has failed to make the contractually required fringe benefit contributions to the LOCAL 137 TRUST FUNDS for the period of November 1, 2006 through April 30, 2008 in the amount of $127,823.02 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

39. Despite repeated efforts by the LOCAL 137 TRUST FUNDS to collect the contributions owed, NIKAN remains delinquent in making the proper contributions and has failed to pay any of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS as detailed above.

40. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Funds' Plan Documents, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

41. Accordingly, as a direct and proximate result of NIKAN'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant NIKAN is liable to the Plaintiffs in the amount of $127,823.02 along with potentially additional contributions, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A THIRD CAUSE OF ACTION

42. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 41 inclusive, with the same force and effect as though more fully set forth at length herein.

43. At all relevant times, CORE agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 137 known as the "Building Construction Agreement" dated August 25, 2007 (hereinafter referred to as the "Collective Bargaining Agreement").

44. Upon information and belief, CORE has failed to make the contractually required fringe benefit contributions to the LOCAL 137 TRUST FUNDS for the period of April 1, 2008 through May 31, 2008 in the amount of $13,486.34 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

45. Despite repeated efforts by the LOCAL 137 TRUST FUNDS to collect the contributions owed, CORE remains delinquent in making the proper contributions and has failed to pay any of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS as detailed above.

46. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Funds' Plan Documents, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

47. Accordingly, as a direct and proximate result of CORE'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant CORE is liable to the Plaintiffs in the amount of $13,486.34 along with potentially additional contributions, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A FOURTH CAUSE OF ACTION

48. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 47 inclusive, with the same force and effect as though more fully set forth at length herein.

49. At all relevant times, CANAL agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 137 known as the "Engineering Heavy and Highway Agreement" dated May 31, 2005 (hereinafter referred to as the "Collective Bargaining Agreement").

50. Upon information and belief, CANAL has failed to make the contractually required fringe benefit contributions to the LOCAL 137 TRUST FUNDS for the period of October 1, 2007 through May 31, 2008 in the amount of $55,950.33 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

51. Despite repeated efforts by the LOCAL 137 TRUST FUNDS to collect the contributions owed, CANAL remains delinquent in making the proper contributions and has failed to pay any of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS as detailed above.

52. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Funds' Plan Documents, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

53. Accordingly, as a direct and proximate result of CANAL'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant CANAL is liable to the Plaintiffs in the amount of $55,950.33 along with potentially additional contributions, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

### AS AND FOR A FIFTH CAUSE OF ACTION

54. The Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 53 inclusive with the same force and effect as though more fully set forth at length herein.

55. Under the terms of the aforementioned Collective Bargaining Agreements and ERISA, employers are required to make payments to the LOCAL 137 TRUST FUNDS based upon an agreed sum or percentage for each employee hour of their hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 137 TRUST FUNDS.

56. Under the terms of the LOCAL 137 TRUST FUNDS' Agreements, the Collective Bargaining Agreements and ERISA, Plaintiffs are entitled to audit the books and records of Defendants COLUMBUS CONSTRUCTION, NIKAN, CORE and CANAL.

57. Upon information and belief, Defendants COLUMBUS CONSTRUCTION, NIKAN, CORE and CANAL may have underreported the number of employees, the amount of employee hours and wages paid to their employees and the contributions due.

58. Plaintiffs therefore demand an audit of the books and records of Defendants COLUMBUS CONSTRUCTION, NIKAN, CORE and CANAL.

### AS AND FOR A SIXTH CAUSE OF ACTION

59. The Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 58 inclusive with the same force and effect as though more fully set forth at length herein.

60. In accordance with the terms and conditions of the aforementioned Collective Bargaining Agreement, the Plaintiffs requested and Defendant COLUMBUS CONSTRUCTION obtained a "Benefit Contribution Guarantee Payment Bond" (610-242331-5) (hereinafter referred to as the "Bond").

61. Upon information and belief, on or about August 24, 2006, Defendant USFIC as Surety and COLUMBUS as the initial Principal, issued the Bond to Plaintiffs as Obligees in the penal sum of One Hundred Thousand Dollars ($100,000.00) and by which Defendant USFIC guaranteed Defendant COLUMBUS CONSTRUCTION'S payment of required fringe benefit contributions to the Plaintiffs in the amount of One Hundred Thousand Dollars ($100,000.00).

62. The Bond expressly incorporates the Collective Bargaining Agreement by reference.

63. Upon information and belief, at all times material herein, Defendants COLUMBUS CONSTRUCTION, NIKAN, CORE and CANAL (the "COLUMBUS ENTITIES") share substantially identical management, including but not limited to the same officers, directors, shareholders and/or principal owner, business purpose, operation, equipment,

customers, supervision, along with the identical principal place of business such that a unity of ownership and interest between these entities exist; and their individuality and separateness ceases to exist.

64.    Upon information and belief, at all times material herein, Defendants COLUMBUS CONSTRUCTION, NIKAN, CORE and CANAL exist as the alter egos of each other and Defendant USFIC is bound by the terms and conditions of the Bond to satisfy a portion of the fringe benefit deficiency not to exceed the penal sum of One Hundred Thousand Dollars ($100,000.00) due to the Plaintiffs by the COLUMBUS ENTITIES.

65.    That originally on November 13, 2006 via Certified Mail/Return Receipt Requested and then on November 29, 2007 via Express Overnight Mail, Plaintiffs – through their attorneys – provided Defendant USFIC with written notice of the fringe benefit contributions owed by Defendants COLUMBUS CONSTRUCTION, NIKAN, CANAL and CORE for the periods of May 1, 2006 through May 31, 2006; November 1, 2006 through April 30, 2008; October 1, 2007 through May 31, 2008; and April 1, 2008 through May 31, 2008; respectively, as required under the terms of the Bond and demanded payment of same as Obligees of the Bond.

66.    On or about November 30, 2007, Defendant USFIC provided written notice of acknowledgment of receipt of Plaintiffs notice of claim as against the Bond.

67.    On December 7, 2007, pursuant to the request of Defendant USFIC, Plaintiffs submitted a Proof of Claim with documentation supporting its claim to Defendant USFIC.

68.    Subsequent to the filing of this Proof of Claim, on or about May 28, 2008, Defendant USFIC paid $8,717.24 for delinquent contributions owed by Defendant NIKAN for the period of October 1, 2006 through October 28, 2006. No other portion of the Proof of Claim has been paid.

69. That Defendant USFIC was notified of the default of the Principals within one (1) year of the last act of default and this action has been instituted within one (1) year of the date of expiration or cancellation of the Bond, as required under the terms of the Bond.

70. Upon information and belief, the Bond has not expired or been canceled.

71. Plaintiffs seek judgment against Defendant USFIC in an amount not to exceed One Hundred Thousand Dollars ($100,000.00).

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1. Of Defendant COLUMBUS CONSTRUCTION CORPORATION in the amount of contributions determined to be due and owing to the LOCAL 137 TRUST FUNDS of $3,312.48, plus any additional monies that may be determined to become justly due and owing to the LOCAL 137 TRUST FUNDS during the pendency of this action and before final judgment, together with:

   a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

   b. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

   c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

   d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE,** Plaintiffs demand judgment on the Second Cause of Action as follows:

1. Of Defendant NIKAN CONSTRUCTION, INC. in the amount of contributions determined to be due and owing to the LOCAL 137 TRUST FUNDS of $127,823.02, plus any additional monies that may be determined to become justly due and owing to the LOCAL 137 TRUST FUNDS during the pendency of this action and before final judgment, together with:

   a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

   b. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

   c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

   d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE,** Plaintiffs demand judgment on the Third Cause of Action as follows:

1. Of Defendant CORE CONTRACTING OF NEW YORK, LLC in the amount of contributions determined to be due and owing to the LOCAL 137 TRUST FUNDS of $13,486.34, plus any additional monies that may be determined to become justly due and owing to the LOCAL 137 TRUST FUNDS during the pendency of this action and before final judgment, together with:

   a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed

by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

    b. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

    c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

    d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE,** Plaintiffs demand judgment on the Fourth Cause of Action as follows:

1. Of Defendant CANAL ASPHALT, INC. in the amount of contributions determined to be due and owing to the LOCAL 137 TRUST FUNDS of $55,950.33, plus any additional monies that may be determined to become justly due and owing to the LOCAL 137 TRUST FUNDS during the pendency of this action and before final judgment, together with:

    a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

    b. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

    c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

    d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).