John W. Morris
Scott A. Levin
McElroy, Deutsch, Mulvaney & Carpenter, LLP
88 Pine Street – 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Defendant,
United States Fire Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

THE ANNUITY, PENSION, WELFARE and    Civil No.  08-cv-5346
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 137, 137A, 137B, 137C
& 137R, et al.,
                                                                    **DEFENDANT UNITED STATES**
                                                                    **FIRE INSURANCE COMPANY'S**
                          Plaintiffs,                               **ANSWER AND AFFIRMATIVE**
                                                                    **DEFENSES**
against –

COLUMBUS CONSTRUCTION CORPORATION, NIKAN
CONSTRUCTION, INC., CORE CONTRACTING OF NEW
YORK, LLC, CANAL ASPHALT, INC. and UNITED
STATES FIRE INSURANCE COMPANY,

                          Defendants,
------------------------------------------------------------------

Defendant, United States Fire Insurance Company ("U.S. Fire"), through its counsel,

McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Answer to the Complaint of

Plaintiffs, The Annuity, Pension, Welfare and Apprenticeship Skill Improvement & Safety Funds

of the International Union of Operating Engineers Local 137, 137A, 137 B, 13C, & 137R, et al.,

here by alleges and says the following

1.    U.S. Fire admits that Plaintiff alleges that this is an action arising under the

Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.

("ERISA"), and leaves Plaintiffs to their proof.

1133204_2

**Allegations Regarding Jurisdiction and Venue**

2.      U.S. Fire admits the allegations in Paragraph 2 of the Complaint.

3.      U.S. Fire admits the allegations in Paragraph 3 of the Complaint.

**Allegations Regarding the Parties**

4.      U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

5.      U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

6.      U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

7.      U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

8.      U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

9.      U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

10.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and respectfully leaves Plaintiffs to their strict proof thereon.

11.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

12.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

13.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

14.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

15.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

16.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

17.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

18.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

19.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

20.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

21.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

22.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

23.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

24.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

25.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

26.     U.S. Fire denies each and every allegation of Paragraph 26, except U.S. Fire admits that it maintains an office at 305 Madison Avenue, Morristown, New Jersey.

27.     U.S. Fire admits the allegations of Paragraph 27.

28.     U.S. Fire admits the allegations of Paragraph 28.

29.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

## Answer to the First Cause of Action

30.     U.S. Fire re-alleges and incorporates its responses to Paragraphs "1" through "29" of Plaintiff's Complaint with the same force and effect as though fully set forth herein.

31.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

32.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

33.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

34.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

35.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

## Answer to the Second Cause of Action

36.     U.S. Fire re-alleges and incorporates its responses to Paragraphs "1" through "35" of Plaintiff's Complaint with the same force and effect as though fully set forth herein.

37.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

38.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

39.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

40.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

41.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

## Answer to the Third Cause of Action

42.    U.S. Fire re-alleges and incorporates its responses to Paragraphs "1" through "41" of Plaintiff's Complaint with the same force and effect as though fully set forth herein.

43.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

44.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

45.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

46.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

47.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

## Answer to the Fourth Cause of Action

48.     U.S. Fire re-alleges and incorporates its responses to Paragraphs "1" through "47" of Plaintiff's Complaint with the same force and effect as though fully set forth herein.

49.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

50.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

51.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

52.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

53.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

## Answer to the Fifth Cause of Action

54.    U.S. Fire re-alleges and incorporates its responses to Paragraphs "1" through "53" of Plaintiff's Complaint with the same force and effect as though fully set forth herein.

55.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

56.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

57.    U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon.

58.    Paragraph 58 of the Complaint is not directed at U.S. Fire, and thus does not require a response; but to the extent it does require a response, U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

## Answer to the Sixth Cause of Action

59.    U.S. Fire re-alleges and incorporates its responses to Paragraphs "1" through "58" of Plaintiff's Complaint with the same force and effect as though fully set forth herein.

60.    U.S. Fire denies each and every allegation contained in Paragraph 60 of the Complaint, except admits only that U.S. Fire issued a Bond for "Benefit Contribution Guarantee Payment Bond" No. 610-242331-5 (the "Bond"), in the penal sum of $100,000.00, to Plaintiffs, as Obligees, the terms of which Bond speaks for itself.

61.     U.S. Fire denies each and every allegation contained in Paragraph 61 of the Complaint, except admits that U.S. Fire issued the Bond, the terms of which Bond speaks for itself.

62.     U.S. Fire denies each and every allegation contained in Paragraph 62 of the Complaint, except admits only that U.S. Fire issued the Bond, the terms of which speak for itself.

63.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

64.     U.S. Fire denies each and every allegation contained in Paragraph 64 of the Complaint, except admits that U.S. Fire issued the Bond, the terms of which Bond speaks for itself.

65.     U.S. Fire denies each and every allegation contained in Paragraph 65 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon regarding the alleged written notice, which speaks for itself.

66.     U.S. Fire denies each and every allegation contained in Paragraph 66, except admits only that U.S. Fire acknowledged receipt of correspondence from Plaintiffs, and respectfully leaves Plaintiffs to their strict proof thereon regarding the correspondence, which speaks for itself.

67.     U.S. Fire denies each and every allegation contained in Paragraph 67 of the Complaint, except admits only that U.S. Fire requested Plaintiffs to submit a formal Proof of Claim, and respectfully asks leave to refer to the alleged Proof of Claim sent by Plaintiffs, which speaks for itself.

68.     U.S. Fire denies the allegations contained in Paragraph 68 of the Complaint, except admits that U.S. Fire issued certain payment(s) to Plaintiffs.

69.     U.S. Fire denies each and every allegation contained in Paragraph 69 of the Complaint and respectfully leaves Plaintiffs to their strict proof thereon, except admits that U.S. Fire issued the Bond, the terms of which Bond speaks for itself.

70.     U.S. Fire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, refers all questions of law to the Court, and respectfully leaves Plaintiffs to their strict proof thereon.

71.     Although Paragraph 71 of the complaint does not require an answer, to the extent that it does, U.S. Fire denies each and every allegation contained in Paragraph 71 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against U.S. Fire upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

U.S. Fire's liability, if any, is limited to the penal sum of the Bond, and to the extent that any other entity is entitled to the proceeds of the Bond, Plaintiffs' entitlement, if any, is limited to its proportional share.

1133204_2

## THIRD AFFIRMATIVE DEFENSE

The debt alleged by Plaintiffs is subject to the defenses of the bond principal and U.S. Fire incorporates each one of those defenses by reference and is entitled to the benefit of same as a defense barring or limiting any action against any bond issued by U.S. Fire.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim against U.S. Fire is barred and limited by the failure of Plaintiffs to comply with statutory and/or contractual conditions precedent to bringing this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed against U.S. Fire because Plaintiffs are estopped by their conduct from bringing this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed against U.S. Fire by reason of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

This Complaint is not subject to the jurisdiction of the United States District Court inasmuch as the provisions of the alleged Collective Bargaining Agreement between Plaintiffs and Defendants Columbus Construction, Nikan, Construction, Core Contracting of New York, and Canal Asphalt. which form the basis of this Complaint, require Plaintiffs to follow a stipulated Grievance Procedure, which Grievance Procedure has not been followed.

## EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, some of the amounts sought by Plaintiffs are not recoverable against U.S. Fire's Bond. Therefore, any recovery by Plaintiffs against U.S. Fire must be reduced by the amount not cognizable under the Bond.

1133204_2

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by payment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by setoff.

## RESERVATION OF RIGHTS

U.S. Fire reserves its right to amend its Answer to the Complaint to assert additional Affirmative Defenses upon the completion of investigation and discovery herein.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, together with such other and further relief as this Court may deem just and proper.

Attorneys for Defendant,
United States Fire Insurance Company

Date:  August 29, 2008                  By_____/s John W. Morris_____
                                        John W. Morris
                                        Scott A. Levin
                                        McElroy, Deutsch, Mulvaney
                                        & Carpenter, LLP
                                        88 Pine Street – 24th Floor
                                        New York, New York 10005
                                        (212) 483-9490

1133204_2